UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

QUALITY TECHNOLOGY SERVICES,          :
HOLDING, LLC,                         :
                                      :      Civil Action No.
                 Plaintiff,           :
                                      :      07 CV 7458
      -against-                       :      Judge Berman
                                      :
CHECKM8, INC.,                        :
                                      :      **JURY TRIAL DEMANDED**
                 Defendant.           :
------------------------------------------------------------x

AUG 22 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff, Quality Technology Services Holding, LLC ("QTS"), by and through its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Complaint against Defendant CheckM8, Inc. ("CheckM8"), alleges as follows:

## NATURE OF THE ACTION

1.      CheckM8 entered into a Master Service Agreement (the "Agreement") with Globix Corporation ("Globix") on or about January 24, 2005, by which Globix was to provide, *inter alia*, website hosting for CheckM8's website. The website hosting services were provided to CheckM8 by Globix Hosting, LLC ("Globix Hosting"), a limited liability company wholly owned by Globix.

2.      Pursuant to a Purchase Agreement dated September 30, 2006, Globix sold Globix Hosting to QTS. In accordance with the Purchase Agreement, the Agreement with CheckM8 became assigned to QTS, which continued to provide the website hosting services through its subsidiary, Quality Technology Services, N.J., LLC ("QTS NJ").

3.      CheckM8 has refused to pay for numerous months of service provided by Globix Hosting and QTS and, therefore, is in breach of the Agreement. QTS seeks to recover more than $377,378.28 in damages from CheckM8 to compensate it for the value of web hosting and

collocation services provided to CheckM8, for which QTS has not received payment. CheckM8 directly benefited from QTS's web hosting services and is liable to QTS for the value of those services.

## PARTIES

4.    Plaintiff QTS is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Overland Park, Kansas.  QTS is engaged in the business of providing web hosting and collocation services, including managed services, dedicated access services, media services and the operation of data centers and an internal protocol network.

5.    Upon information and belief, Defendant CheckM8 is an operator of business oriented computer software, and is a corporation organized under the laws of the State of New York, with its principal place of business in New York or New Jersey, and does substantial business in the City and State of New York.

## JURISDICTION AND VENUE

6.    This court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

7.    This Court has personal jurisdiction over Defendant CheckM8 because CheckM8 is incorporated in New York, and does substantial business in the City and State of New York.

8.    This Court also has jurisdiction over this matter pursuant to section 13.19 of the Agreement which provides that it "shall be governed by the laws of the State of New York applicable to be fully performed therein. The jurisdiction and venue for actions related to this Agreement shall be the State and Federal Courts located in New York County, New York."

## FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

9.     On or about January 24, 2005, Globix and CheckM8 entered into the Agreement pursuant to which Globix Hosting transmitted through its network audio, video, film, slides or other images or text (digital or otherwise) provided by CheckM8.

10.    The Agreement required Globix Hosting to provide equipment rental, space and power, internet facilities, and firewall service for which CheckM8 would pay fees pursuant to an agreed-upon formula.

11.    From July 1, 2006, to December 1, 2006, Globix Hosting and/or QTS provided the services required under the Agreement and issued monthly invoices.

12.    On or around January 5, 2007, QTS and CheckM8 agreed to a payment plan by which CheckM8 agreed to pay the outstanding balance owed under the invoices, and QTS would continue to provide services.

13.    After CheckM8 failed to make any of the agreed payments, QTS discontinued service on or around February 21, 2007.

14.    QTS repeatedly has demanded that CheckM8 comply with its contractual obligations and pay the amount due which, as calculated under the terms of the Agreement, is presently in excess of $377,378.28.

## FIRST COUNT
### (Breach of Contract)

15.    QTS incorporates by reference each of the allegations of paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.    The Agreement is a valid contract between QTS and CheckM8.

17.    QTS has fully performed its obligations under the Agreement.

18.    Defendant CheckM8 has breached the Agreement.

19.    QTS has been injured as a result of CheckM8's breach, in an amount to be determined at trial, but not less than $377,378.28.

## SECOND COUNT
### (Quantum Meruit)

20.    QTS incorporates by reference each of the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.    QTS performed services for the benefit of CheckM8, including, without limitation, transmission of audio, video, film, slides, or other images (digital or otherwise) through its network.

22.    CheckM8 accepted these services.

23.    QTS expected, but did not receive, compensation for these services.

24.    The reasonable value of QTS's services for which it has not received payment is an amount to be determined at trial, but not less than $377,378.28.

## THIRD COUNT
### (Unjust Enrichment)

25.    QTS incorporates by reference each of the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.    CheckM8, *inter alia*, received the benefits of QTS's services, but did not pay QTS appropriate fees for those services.  CheckM8 was enriched at the expense of QTS under circumstances such that, in equity and good conscience, CheckM8 should pay QTS the full amount of unpaid service fees in an amount to be determined at trial, but not less than $377,378.28.

WHEREFORE, Plaintiff demands judgment in its favor as follows:

A.    On the First Count, in an amount to be determined at trial, but not less than $377,378.28, together with pre- and post-judgment interest thereon;

B.    On the Second Count, in an amount to be determined at trial, but not less than $377,378.28, together with pre- and post-judgment interest thereon;

C.    On the Third Count, in an amount to be determined at trial, but not less than $377,378.28, together with pre- and post-judgment interest thereon;

D.    For such other and further relief as the Court may deem just and proper, including attorneys' fees, and the costs and disbursements of this action.

Dated: New York, New York
August 21, 2007

                    SEDGWICK, DETERT, MORAN & ARNOLD, LLP


                    Lawrence Klein (LK2875)
                    J. Gregory Lahr (JL9969)
                    Bernard H. Maister (BM9561)
                    *Attorneys for Defendant*
                    *Quality Technology Services Holding, LLC*
                    125 Broad Street, 39th Floor
                    New York, New York 10004-2400
                    Telephone: (212) 422-0202
                    Facsimile: (212) 422-0925

## RULE 7.1 DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure the undersigned attorneys of record for Plaintiff, Quality Technology Services Holding, LLC, certify that there are no corporate parents, subsidiaries, or affiliates of these parties that are publicly held.

Dated: New York, New York
      August 21, 2007

                    SEDGWICK, DETERT, MORAN & ARNOLD, LLP


                    Lawrence Klein (LK2875)
                    J. Gregory Lahr (JL9969)
                    Bernard H. Maister (BM9561)
                    *Attorneys for Defendant*
                    *Quality Technology Services Holding, LLC*
                    125 Broad Street, 39th Floor
                    New York, New York 10004-2400
                    Telephone: (212) 422-0202
                    Facsimile: (212) 422-0925