# SEKAS & ASSOCIATES, L.L.C.
## ATTORNEYS AT LAW

Nicholas G. Sekas ◇
Justin H. Scheier °

*Of Counsel:*
Dae-Ki Min °
Scott D. Heller °
Paul Faugno ▫
Joseph Ben-Moshe °
Jon D. Biller ▵
Sam S. Matthews †

*Member of:*
NJ, NY & CT Bars ◇
Certified NJ Civil Trial Attorney ▫
NJ & NY Bars °
NY & CT Bars ▵
NJ, NY & DC Bars †

**MEMO ENDORSED**

> Let's have a conference with the Court on 11/20/07 @ 11:30 to discuss jurisdiction, etc.
>
> SO ORDERED:
> Date: 11/15/07
> Richard M. Berman, U.S.D.J.

530 Sylvan Avenue
Englewood Cliffs, NJ 07632
201.816.1333
Facsimile 201.816.1522

515 Madison Avenue
Eighth Floor
New York, NY 10022
212.695.7577
Facsimile 212.695.0152

2750 Whitney Avenue
Hamden, CT 06518
203.281.1717
Facsimile 203.281.7887

www.sekaslaw.com

November 14, 2007

Honorable Richard M. Berman
United States District Judge
Southern District of New York
United States Courthouse
40 Center Street, Courtroom 706
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11.15.07

    Re:    **Quality Technology Services Holding, LLC v. CheckM8, Inc.**
             **Southern District of New York, Civil Action No. 07 CV 7458 (RMB)**

Dear Judge Berman:

      I represent the defendant, CheckM8, Inc., in the above-captioned matter. I am writing to request a pre-motion conference as is required by your Honor prior to the filing of a motion. Defendant intends to bring a motion to dismiss the case for lack of subject matter jurisdiction. In order for a case to be properly heard in Federal Court, the Court must have jurisdiction over the subject matter. There is jurisdiction over the subject matter of a case or controversy when the requirements set forth in 28 U.S.C. §1331 or 28 U.S.C. §1332 have been satisfied. Section 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the

November 14, 2007

Constitution, laws, or treaties of the United States." Since the instant controversy does not arise under the Constitution, laws, or treaties of the United States, there must be jurisdiction under 28 U.S.C. §1332 in order for the case to be properly heard in Federal Court. 28 USC §1332 states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. §1332(c)(1) states "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The defendant contends that the plaintiff is unable to satisfy the requirements of 28 U.S.C. §1332 because both the plaintiff and the defendant are incorporated in Delaware, and are therefore citizens of the same state for purposes of 28 U.S.C. §1332. Since 28 U.S.C. §1332 does not grant subject matter jurisdiction for cases between citizens of the same state, the instant case cannot be properly heard in Federal Court.

Although Plaintiff's counsel has admittedly recognized his error by hastily filing the instant action in Federal Court without properly researching the Court's basis for jurisdiction, he has refused to unconditionally withdraw the case from the Federal Docket, demanding instead that Defendant turn over initial disclosures because such disclosures were "weeks" overdue. Contrary to Plaintiff's assertion, Defendant would like to highlight that its initial disclosures were only due as recently as November 2, 2007. This is because Rule 26(a)(1) of the Federal Rules of Civil Procedure states that initial disclosures are due within 14 days of the Rule 26(f) conference. In addition, Defense counsel was unaware that initial disclosures were due in as

much as we telephoned your Honor's Chambers on October 31, 2007, and were informed that the Rule 26(f) conference had neither occurred nor been scheduled. Consequently, Defense counsel exhibited no bad faith in missing this deadline.

On Monday, November 5, 2007, Defense counsel again phoned your Honor's Chambers to ask for guidance on removing the case from the federal docket for lack of subject matter jurisdiction. After your Honor's Law Clerk informed us that the best course of action would be to ask Plaintiff to withdraw the case under Rule 41, Defense counsel contacted Plaintiff's attorney, Gregory Lahr, Esq., and communicated this to him. Mr. Lahr promised to contact his client and respond to us within "a couple of days." However, Mr. Lahr did not contact defense counsel until six days had passed, at which time he stated in an e-mail message that he would not unconditionally withdraw the case. Since the defense of lack of subject matter jurisdiction is never waived, and can even be raised on appeal, Mr. Lahr has absolutely no basis for his refusal to withdraw the Complaint.

Defense Counsel has, to date, exhibited diligence in meeting deadlines, and has even stipulated in good faith to an extension of time for Plaintiff to respond to the Counterclaim. Plaintiff should display similar good faith by withdrawing the case instead of unnecessarily raising the costs of this litigation. In addition, Defendant contends that the Court should not impose Discovery deadlines when it is unable to maintain jurisdiction over the instant litigation. Defendant respectfully requests that the Court dismiss this case *sua sponte* and save all parties from frivolous and financially reckless motion practice.

Respectfully Submitted,

/s/ *Nicholas G. Sekas*
Nicholas G. Sekas, Esq.

Cc: Client; J. Gregory Lahr, Esq..
Enclosure: Certificates of Incorporation and Good Standing.